IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ABYSSINIA BALLARD,
ADC #134308                                                                                          PLAINTIFF

v.                                              4:07CV00076GTE/HLJ

DALE REED, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge G. Thomas Eisele. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motion for judgment on the pleadings (DE #45). Plaintiff has filed a response in opposition to the motion (DE #49).

Plaintiff, a state inmate incarcerated at the Quachita River Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges defendants violated his Due Process and Equal Protection rights when he was dismissed from a therapeutic program at the Unit (RSVP), which is a condition of his receiving parole. Plaintiff states that he did not receive a disciplinary violation, and therefore, his discharge from the program based on "defiant, argumentative behavior" violated his constitutional rights. Plaintiff asks for damages, plus injunctive relief in the form of "a substantial performance-compliance doctrine rule in my behalf to the parole board."

II.  Judgment on the Pleadings

A.  Defendants' Motion

In support of their motion, defendants state plaintiff fails to state a due process claim against him, because there is no constitutional right of a convicted person to be paroled, and nothing in the Arkansas statutes creates a right to parole.  In addition, allegations that defendants Reed and Kelley failed to properly address his concerns in the grievance process do not state a constitutional claim, and allegations that defendants failed to follow their own policies and procedures, likewise fail to state a claim.  Finally, defendants state plaintiff has not stated an equal protection claim against any of the defendants, because his allegations do not assert a violation of fundamental rights, membership in a protected class, or different treatment of similarly-situated inmates.

B.  Plaintiff's Response

In his response, plaintiff re-states the allegations of his amended complaint, that defendants failed to follow established rules and permitted his discharge from the program absent a disciplinary violation.

C.  Standard of Review

The applicable standard of review on a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is the same as that on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) (see Shaw v. Rolex Watch U.S.A., Inc., 745 F.Supp. 982, 984 [S.D.N.Y.1990], citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at p. 518-19 [2d ed. 1990] ). That is, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " Goldman v. Belden, 754 F.2d 1059, 1065 [2d Cir.1985], quoting Conley v. Gibson, 355 U.S. 41, 45-

46 (1957). In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient" Id. at 1067. In assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that the court must, of course, accept the allegations of the complaint as true and draw all reasonable inferences favorably to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

D.  Analysis

As noted by the defendants, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). In Munson v. Norris, 435 F.3d 877, 879 (8th Cir. 2006), the Court upheld a ruling that requiring an Arkansas prisoner to complete the RSVP program prior to receiving parole did not violate due process, because the prisoner did not have a constitutional right to conditional release prior to the expiration of his sentence.

The Arkansas Parole statute, Ark. Code Ann. § 16-93-201-206 (Supp. 1997), establishes only the possibility of parole. Nothing in the Arkansas statutes create a right of an inmate to release on parole which would invoke due process protection, Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979), and parole officials are entitled to consider many factors in their determination of whether to grant parole, including prior criminal history and number of offenses, and may also fix the time and conditions of the parole. Therefore, plaintiff's claim that defendants violated a liberty interest in parole must fail, as it does not state a claim for relief.

In addition, an attack on the grievance process and defendants' alleged failure to properly address his complaints, does not state a constitutional claim. See Buckley v. Barlow, 997 F.2d 494,

495 (8th Cir. 1993). Furthermore, failure to follow ADC policies and procedures does not state a claim. See Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

In addition, the Court finds that plaintiff's request for injunctive relief is a request for release or a shortening of the duration of his confinement, and therefore, the appropriate cause of action should be one for habeas corpus relief. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). In Offet v. Solem, 823 F.2d 1256 (8th Cir. 1987), the court held that state remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status.

The Court also notes that matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. In Wiggins v. Lockhart, 825 F.2d 1237 (8th Cir. 1987), the Court noted that the district court held, citing, Schwindling v. Smith, 777 F.2d 431, 432-22 (8th Cir. 1985), that the state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Section 1983 specifically requires that a violation of a federally-protected right be alleged and demonstrated. However, in this case, plaintiff has not demonstrated a denial of a federally-protected right, given the fact that there is no constitutional or inherent right of a convicted person to parole.

Finally, with respect to plaintiff's request for damages, the Court finds that plaintiff's complaint falls within the meaning of Heck v. Humphrey, 512 U.S. 477 (1994), and that therefore, it should be dismissed. In Heck, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is

reversed, expunged, or called into question by a state tribunal or federal court. As noted earlier, an action attacking the validity of one's parole calls into question the fact and duration of confinement. See Lindsey v. Wells, 901 F.2d 96 (8th Cir. 1990), and must be raised in a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, after exhaustion of state remedies. It does not appear from the record that plaintiff has exhausted his state remedies with respect to this attack on his confinement. Should he ultimately succeed in challenging the legality of his discharge from the program, and his continued confinement through appropriate state procedures, he may refile his complaint for damages. See Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995).

Plaintiff's equal protection allegations must also fail because he does not support his claim with allegations that he is a member of a protected class, has been denied a fundamental right, or has received treatment that is different from that received by others similarly situated. Phillips v. Norris, supra, 320 F.3d at 848. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for judgment on the pleadings is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED without prejudice to re-file after exhaustion of his available remedies, and that this dismissal be considered a "strike" within the meaning of the PLRA.[1]  Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint be DISMISSED without prejudice.

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).

IT IS SO ORDERED this 2nd day of October, 2007.

_____
United States Magistrate Judge